**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENU FNU; et al., | No. 06-72029 |
| Petitioners, | Agency Nos. A077-374-574 |
| | A077-374-575 |
| v. | A077-374-576 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District
Judge.[**]

Lead petitioner Renu Fnu and her children Nitish Fnu and Mridul Fnu

(collectively, "Fnu"), natives and citizens of India, petition for review of an order

of the Board of Immigration Appeals ("BIA") dismissing Fnu's appeal of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b) and deny the petition.

## I. Withholding of Removal and Asylum

Where, as here, it is unclear whether the BIA conducted a de novo review, the court may also look to the Immigration Judge's ("IJ") oral decision "as a guide to what lay behind the BIA's conclusion." *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000). Adverse credibility findings are reviewed under the "highly deferential" substantial evidence standard. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). If just one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). The decision that a petitioner has not established eligibility for asylum or withholding of removal is similarly reviewed for substantial evidence. *Tampubolon v. Holder*, 598 F.3d 521, 523 (9th Cir. 2010).

Here, the BIA properly found that the Immigration Judge ("IJ") based her adverse credibility determination on significant inconsistencies that went to the heart of Fnu's asylum claim. Identity and membership in a persecuted group are

among the "key elements" of an asylum claim and eligibility for asylum depends on the credible establishment thereof. *Farah v. Ashcroft*, 348 F.3d at 1153, 1156 (9th Cir. 2003). Fnu admitted that her first asylum application and the grounds to support it were a falsehood. Moreover, Fnu persisted in using a false identity for years after entering the United States and obtained false documentation for at least one of her children. As corroborating evidence of her second asylum claim based on new allegations of persecution, Fnu offered the testimony of her husband whose documentation regarding the persecution and even the birth of his own children was inconsistent. The adverse credibility finding was therefore supported by substantial evidence. Further, since Fnu failed to provide credible evidence of any past persecution, she also was not entitled to a presumption that she had a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004). The BIA correctly upheld the IJ's conclusion that Fnu failed to establish eligibility for asylum.

## II. CAT Relief

To be eligible for relief under CAT, "a petitioner must show that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (internal quotation marks omitted). If Fnu's statements supporting her second asylum

3

application were to be believed, they establish that Indian police used inappropriate language towards her, pulled her hair and caused minor injuries to her foot and face. Although such conduct would be reprehensible, it does not establish that it is more likely than not that Fnu would be tortured were she to return to India. The BIA's and IJ's conclusions were correct.

### III. Motion for Continuance

The decision to grant or deny a motion for continuance is in the discretion of the IJ and is reviewed for abuse of discretion. *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008). Over a period of four years, Fnu requested and received three continuances. Two further motions for a continuance were denied, including the one at issue here, which was submitted for the purpose of obtaining a psychological opinion regarding the reasons for Fnu's continued frauds. It was not an abuse of discretion to deny this motion.

**AFFIRMED.**